UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD ALLAN WATTS,<br><br>     Plaintiff,<br><br>  -against-<br><br>PARTIES OTHER THAN THE SUPREME<br>COURT,<br><br>     Defendant. | 26-CV-4440 (LTS)<br>26-CV-4441 (LTS)<br>26-CV-4444 (LTS)<br>26-CV-4445 (LTS)<br>26-CV-4446 (LTS)<br>26-CV-4448 (LTS)<br>26-CV-4450 (LTS)<br>26-CV-4453 (LTS)<br>26-CV-4454 (LTS)<br>26-CV-4455 (LTS)<br>26-CV-4456 (LTS) |
| EDWARD ALLAN WATTS,<br><br>     Plaintiff,<br><br>  -against-<br><br>PARTIES OTHER THAN PROPOSED<br>ORDER SIGNATORIES,<br><br>     Defendant. | 26-CV-4447 (LTS)<br>26-CV-4452 (LTS) |
| EDWARD ALLAN WATTS,<br><br>     Plaintiff,<br><br>  -against-<br><br>DEPARTMENT OF JUSTICE OFFICE OF<br>THE INSPECTOR GENERAL; UNITED<br>STATES DISTRICT COURT FOR THE<br>SOOUTHERN DISTRICT OF NEW YORK,<br><br>     Defendants. | 26-CV-4449 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

On May 26, 2026, Plaintiff Edward Allan Watts, who is a resident of Fort Smith,

Arkansas, filed fourteen actions in this court, including numerous actions alleging the same facts

against the same defendants. The Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") in each of the above-captioned actions. For the reasons set forth below, the Court dismisses the complaints and orders Plaintiff to show cause why they should not be barred from filing future actions IFP in this court without prior permission.[1]

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

[1] Plaintiff filed an affidavit in many these actions stating that Plaintiff wishes to be referred to using gender-neutral terms. *See, e.g.*, ECF 1:26-CV-4448, 4. The Court will therefore refer to Plaintiff using they/them/their pronouns throughout this order.

**BACKGROUND**

**A.    Plaintiff's actions addressed in this order**

On May 26, 2026, Plaintiff filed these fourteen civil actions in this court by emailing the complaints and accompanying documents to the court's email address for *pro se* plaintiffs. Plaintiff names "Parties Other than the Supreme Court of the United States" as the defendant in eleven of the actions.[2] Plaintiff names "Parties other than Proposed Order Signatory" as the defendant in two actions, and they name the Department of Justice Office of the Inspector General and the United States District Court for the Southern District of New York as the defendants in one action. As discussed below, Plaintiff has filed the same complaint and the same "Statement of Facts," which Plaintiff files as a separate document, in all but two of the actions. In each of the actions, Plaintiff has filed additional affidavits and notices; virtually identical documents were filed in all cases.

The following allegations are drawn from the complaint and statement of facts that Plaintiff filed in twelve of the cases.[3] Plaintiff invokes the court's federal question jurisdiction and states that they are asserting claims under 42 U.S.C. § 1981, 18 U.S.C. § 1964, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and for "[f]raud [u]pon the [c]ourt." No. 26-CV-4440 (LTS), ECF 1, at 3. Plaintiff alleges that "[b]ecause the United States Courts refuses to issue emergency relief," Plaintiff is entitled to a total of "$58, 024,610,096,118.60" plus the "extraordinary relief" described in a separate document. (*Id.* at 4.)

---

[2] Plaintiff often lists the same party twice in the caption of their complaints.

[3] The same complaint and statement of facts were filed in the actions pending under docket numbers 26-CV-4440 (LTS); 26-CV-4444 (LTS); 26-CV-4445 (LTS); 26-CV-4446 (LTS); 26-CV-4447 (LTS); 26-CV-4448 (LTS); 26-CV-4450 (LTS); 26-CV-4452 (LTS); 26-CV-4453 (LTS); 26-CV-4454 (LTS); 26-CV-4455 (LTS); 26-CV-4456 (LTS).

Plaintiff alleges no facts in the complaint but instead refers the Court to their "statement of claim" set forth in an attached document.

In their "Statement of Claim," Plaintiff alleges that they were "born into ongoing unlawful hostility regarding developmental status, gender, regional origin, and other factors (42 U.S.C. § 1981)." (ECF 7, at 1.) On an unspecified date, likely prior to 2014, Plaintiff "became parties to a contract with the United States of America and parties inflicting unlawful hostility." (*Id.*) Such contract "dictated [Plaintiff] would pay rent and live at a property," but the United States government "knew [Plaintiff] was being coerced when entering it." (*Id.*) On January 19, 2014, Plaintiff was "removed from their lawful residence by individual inflicting that unlawful hostility soliciting crimes of felony violence from government personnel acting outside their official capacities." (*Id.*) Plaintiff has been "held in a coerced state without due process their entire life" and subjected to a "pattern of unlawful interstate debt collection and unusual racketeering" involving "a group of government officials acting outside their official capacities to use merchants which include Barnes and Noble Incorporated" in "defrauding" and "entrapping" Plaintiff. (*Id.*)

In 2019, Plaintiff began filing *pro se* civil actions in the United States District Court for the Western District of Arkansas. Plaintiff asserts that those cases were assigned "non-random" case numbers, such as a number that "contain[ed] the last four digits of the phone number of a polygraph administrator who examined" Plaintiff in 2010. (*Id.* at 2.) Another case number contained the "last four digits of [Plaintiff's] electric bill." (*Id.*) Those cases were dismissed. Plaintiff appealed the dismissals and asserts that the appeals were also assigned "non-random [and] therefore fraudulent appeal number[s]" containing numbers "which appear on the back of [Plaintiff's] father's grave." (*Id.*) The appeals were also dismissed. (*Id.*) Plaintiff further alleges

4

that "[a]n individual physically interfered" with Plaintiff's filing of a timely petition for a writ of certiorari in the Supreme Court. (*Id.*)

Plaintiff filed complaints arising from these incidents with the Federal Bureau of Investigation, the Department of Justice Office of Professional Responsibility, the Administrative Office of the United States Courts ("AOUSC"), and the Department of Justice Office of the Inspector General, but those complaints were either ignored or denied. Plaintiff asserts that, by issuing a letter denying Plaintiff's claims, the AOUSC "assumed responsibility for the crimes against [Plaintiff] on January 9, 2014" and that the January 9, 2014 incident "became part of a pattern of unusual racketeering which the AOUSC also became responsible for." (*Id.* at 3.)

On January 17, 2025, Plaintiff filed a criminal complaint with the Justice Department against several federal judges involved in his cases, but Plaintiff "has not heard back over sixteen months later." (*Id.* at 4.) Plaintiff filed a civil action in the Western District of Arkansas, but that action was assigned to one of the judges against whom Plaintiff had filed a criminal complaint, and the judge denied Plaintiff's recusal motion. (*Id.*) On April 7, 2026, Plaintiff filed an action in this court alleging that the Office of the Inspector General, by "failing to honor its agreement to investigate crimes[,] is allowing the United States Courts to help others commit crimes." (*Id.*) On May 1, 2026, the Court transferred Plaintiff's action to the Western District of Arkansas.[4] Plaintiff maintains that, by transferring the action, the Southern District of New York "became

---

[4] *See Watts v. Dep't of Just. Off. of the Inspector Gen.*, No. 26-CV-2911 (LTS) (S.D.N.Y. May 1, 2026). Because the "vast majority" of the events giving rise to Plaintiff's claims in that action occurred within the Western District of Arkansas, the Court transferred that action, in the interest of justice under 28 U.S.C. § 1404(a), to the United States District Court for the Western District of Arkansas.

liable for crimes that the United States District Court for the Western District of Arkansas has committed or participated in while acting outside its official capacities." (*Id.*)

In the action pending under docket number 26-CV-4440 (LTS), Plaintiff also filed an "Affidavit Describing Extraordinary Relief" in which they allege that they have "devised a scientific plan called Hot Gates that slows the atmospheric warming," a phenomenon which will lead to global flooding, and describe how they will use the "$1,934,153,669,870.62 plus extraordinary relief in 2040, 2042, 2044, 2046, 2048, and then every year from 2050-2074" to implement such a project. (ECF 4, at 1.) Plaintiff has filed "affidavits" describing similar plans for a money reward in other cases as well. For example, in the case pending under docket number 26-CV-4445 (LTS), Plaintiff explains how the "extraordinary" award of money damages will be used to create a vehicle which will land "on Mars then converts into an automated mining camp." [5] ECF 1:26-CV-4445, 4, at 1.

In another case filed against "Parties other than the Supreme Court," No. 26-CV-4441 (LTS), the complaint is identical, but Plaintiff includes a slightly different "statement of facts."[6] In this case, Plaintiff includes some similar allegations as in his other actions, but also includes additional allegations, including that the Fort Smith (Arkansas) Police Department failed to investigate a complaint Plaintiff filed in 2014; "random people" at the University if Arkansas Fort Smith and in the community "awkwardly tr[ied] to start conversations with [Plaintiff] about

[5] Other documents filed in case number 26-CV-4440 (LTS) include a "Healthcare Affidavit" and a "Motion to Cure and Strike" in which Plaintiff requests that "all relevant documents not attached to the email submitting this motion be struck and replaced with the cured documents submitted as attachments to this email." (ECF 6, at 1.) Plaintiff filed similar documents in each of their cases.

[6] In this action, Plaintiff purports to bring claims on behalf of Apple, Inc.; Baker Media; Fox Corporation; Marty Houston; Christian Anton Gerard; Molly Jong Fast; the New York Times; Nexstar Media Group, Inc.; the Hearst Corporation; the Associated Press, and "Conglomerate of Others." (ECF 9.)

illegal activity" (ECF 8, at 2); University of Arkansas professors and officials sexually abused Plaintiff and the federal government failed to act; and courts assigned Plaintiff's cases "non-random [and] therefore fraudulent" numbers (*id.* at 3-4) and dismissed their claims.

With respect to the actions pending under docket numbers 26-CV-4447 (LTS) and 26-CV-4452 (LTS), Plaintiff names as Defendants "Parties Other than Proposed Order Signatories" but the complaint and statement of facts filed in each case is identical to those filed in the action pending under docket number 26-CV-4440 (LTS) and the other actions discussed above.[7]

Finally, in the action pending under docket number 26-CV-4449 (LTS), Plaintiff sues the Department of Justice Office of the Inspector General and the United States District Court for the Southern District of New York. In the complaint in that action, Plaintiff alleges that, on April 7, 2026, they filed a complaint in this court "alleging that the Department of Justice Office of the Inspector General refuses to honor their agreement to investigate crimes against [Plaintiff] involving parties in the SDNY."[8] (ECF 1, at 4.) Plaintiff maintains that the "minimum amount of diligence" would have shown that "organic parties" from the United States District Court for the Western District of Arkansas are "bad actors in relevant unusual racketeering against" Plaintiff. (*Id.* at 4.) By transferring that action to the Western District of Arkansas, the Southern District of New York "joined fraud upon the court" and "acted corruptly." (*Id.*) Plaintiff seeks "$1,934,153,669,870.62 plus extraordinary relief." (*Id.*)

---

[7] In the action pending under docket number 26-CV-4447 (LTS), Plaintiff also filed three "Informal Technical Documents," consisting of more than 100 pages, which detail their plan to create a "Arkansas River Valley Improvement Project." *See* No. 26-CV-4447 (LTS), ECF Nos. 6-8.

[8] Again, this appears to be a reference to *Watts v. Dep't of Just. Off. of the Inspector Gen.*, No. 26-CV-2911 (LTS) (S.D.N.Y. May 1, 2026).

**B.      Plaintiff's litigation history**

In addition to filing fourteen nearly identical frivolous complaints in this court in a single day, Plaintiff has a lengthy history of filing frivolous, duplicative, and meritless actions in several other courts. *See, e.g.*, *Watts v. United States Cts.*, No. 2:25-CV-2108 (TLB) (W.D. Ark. Nov. 10, 2025) (dismissing action for failure to state a claim); *Watts v. Admin. Off. of the United States Cts.*, No. 2:25-CV-2107 (TLB) (W.D. Ark. Oct. 15, 2025) (dismissing action, including Plaintiff's claim that they have been "held in a coerced state without due process," for failure to state a claim); *Watts v. Admin. Off. of the United States Cts.*, No. 2:25-CV-2106 (TLB) (W.D. Ark. Oct. 15, 2025) (dismissing action, which was identical to a prior action, for failure to state a claim); *Watts v. United States Cts.*, No. 2:25-CV-2109 (TLB) (W.D. Ark. Oct. 15, 2025) (dismissing action for failure to state a claim and because defendants were immune from suit); *Watts v. Dep't of Just.*, No. 2:25-CV-2110 (TLB) (W.D. Ark. Oct. 15, 2025) (dismissing action for failure to state a claim); *Watts v. Off. of the Clerk Sup. Ct.*, No. 2:25-CV-4081 (JLS) (PD) (C.D. Cal. July 14, 2025) (dismissing action because Plaintiff "has not shown subject-matter jurisdiction, it is frivolous, fails to state a federal claim for which relief can be granted, and duplicative of assertions made in previous cases"); *Watts v. United States*, No. 2:25-CV-0545 (JLS) (PD) (C.D. Cal. Mar. 6, 2025) (dismissing the action as frivolous, among other reasons); *Watts v. United States Dist. Ct. for the Dist. of Columbia*, No. 2:23-CV-2765 (JLS) (PD) (C.D. Cal. May 12, 2023) (noting that Plaintiff previously filed a "nearly identical" complaint that was transferred to the Western District of Arkansas, noting that the complaint "catalogs decades of incidents that occurred in Arkansas," and dismissing the complaint as frivolous), *appeal dismissed as frivolous*, No 23-3723 (9th Cir. Nov. 21, 2024); *Watts v. U.S. Dep't of Just. Off. of the Inspector Gen.*, No. 1:22-CV-2146 (JEB) (D.D.C. Dec. 9, 2022) (dismissing claims against Arkansas-based defendants for lack of personal jurisdiction); *Watts v. U.S. Dep't of Just. Off. of*

*the Inspector Gen.*, No. 2:22-CV-2081 (PKH) (W.D. Ark. June 6, 2022) (dismissing action for failure to state a claim); *Watts v. Watts*, No. 2:19-CV-2066 (TLB) (W.D. Ark. June 14, 2019) (dismissing claims, many of which had already been dismissed in a prior action, as frivolous), *aff'd*, No. 19-2455 (8th Cir. Oct. 3, 2019)); *Watts v. Watts*, No. 2:19-CV-2010 (PKH) (W.D. Ark. Mar. 18, 2019) (dismissing action for failure to state a claim).

In many of the cases cited, Plaintiff names the same or similar parties to those they name in the actions filed in this court. Moreover, in each of the cases cited above, Plaintiff alleged similar, if not identical, facts as they do in the actions filed in this court.

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaints describe various unrelated incidents spanning more than a decade, including an allegedly unlawful contract, "interstate debt collection," non-random docket

9

numbers, the government denying their complaints, and courts transferring or dismissing Plaintiff's civil actions. Plaintiff's claims are premised upon their belief that they have been subjected to a decades-long conspiracy between various federal, state, and private actors to deprive them of due process throughout "their entire life." A "[p]laintiff's beliefs—however strongly [they] may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Even if the Court assumes that some of the events underlying Plaintiff's clams occurred—such as the government denying their complaints or the court assigning their cases certain docket number—Plaintiff provides no factual basis for their assertions that they were the victim of a widespread government conspiracy or that their allegations amount to anything more than dissatisfaction with the normal function of government, including the courts. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (explaining that a complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (stating that, even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for their claims and that those claims rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional

10

surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at \*4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

In addition to being factually frivolous, many of Plaintiff's claims are also legally frivolous. In all but one action, Plaintiff names as defendants parties that do not exist, let alone parties that constitute entities suable in federal court. Because there is no legal theory on which Plaintiff could assert claims against groups vaguely described as "Parties Other than the Supreme Court" and "Parties Other than Proposed Order Signatories," Plaintiff's claims against those defendants, asserted in thirteen of these fourteen actions, are legally frivolous. *See Neitzke*, 490 U.S. at 324-25.

Finally, the Court notes that the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Here, given Plaintiff's history of filing numerous nearly identical actions that courts have dismissed as frivolous or for failure to state a claim, Plaintiff should have known at the time they filed these actions that they lacked merit. The Court finds that Plaintiff's filing, on the same day, of fourteen actions asserting claims that have repeatedly

been dismissed, is itself frivolous and grounds for dismissal. *See O'Connor v. New York Dep't of Corr.*, No. 13-CV-5780 (LAP) (S.D.N.Y. Sept. 20, 2013) ("[B]ecause of Plaintiff's continued filing of new, duplicative actions after being warned not to do so, the Court dismisses this action as frivolous and malicious[.]").

For these reasons, the Court dismisses each of these fourteen actions as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## C. Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that they are in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## D. Order to show cause

As discussed above, in addition to filing these fourteen nearly identical frivolous actions in this court on the same day, Plaintiff has a lengthy history of filing similar, if not identical, actions in other courts which have been dismissed as frivolous or for failure to state a claim.

The Court cannot tolerate the abuse of its limited resources. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from

individuals who have a 'history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel.'" *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (quoting *In re Martin–Trigona*, 737 F.2d 1254, 1262 (2d Cir.1984)); *see Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir.1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events).

Plaintiff is ordered to show cause why they should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file a complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon them. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, they will be barred from filing any further actions IFP in this court unless they first obtain permission from this court to do so. Because of the numbers of actions Plaintiff has filed in a single day, should the Court issue a bar order, it will take effect as of the date of this order.

## CONCLUSION

The Court dismisses each of the above-captioned actions as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is directed to terminate all pending motions in each action, and to docket this order in each of the above-captioned actions.

The Court directs Plaintiff, within 30 days, to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action IFP in this court without

13

prior permission from the court. A declaration form is attached to this order. **If Plaintiff submits a declaration form, it should bear the docket number 26-CV-4440 (LTS)**. **The Court will consider it in connection with each case**. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, they will be barred from filing any further actions IFP in this court unless they first obtain permission from this court to do so. **The bar order will be effective as of the date of this order**.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold these matters open on the docket.

SO ORDERED.

Dated:   June 10, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

14

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)                 Signature

_____          _____
Name                               Prison Identification # (if incarcerated)

_____          _____
Address              City                    State        Zip Code

_____          _____
Telephone Number (if available)    E-mail Address (if available)

Page 2