UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD ALLAN WATTS,

Plaintiff,

-against-

PARTIES OTHER THAN THE SUPREME COURT OF THE UNITED STATES; PARTIES OTHER THAN THE SUPREME COURT OF THE UNITED STATES,

Defendants.

26-CV-4440 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On June 10, 2026, the Court dismissed the complaint in this action, and the complaints in thirteen other actions commenced by Plaintiff, as frivolous. (ECF No. 11.) In the same order, the Court directed Plaintiff to show cause, within 30 days of the order, why he should not be barred from filing new civil actions *in forma pauperis* ("IFP") in this court without first obtaining the court's leave, due to his pattern of vexatious and frivolous litigation. (*Id.*) On July 17, 2026, the Court received from Plaintiff three documents, all of which are dated July 10, 2026: (1) a document that Plaintiff styles as a "Motion Declaring Neglect by the Court" (ECF No. 14); (2) a document that Plaintiff styles as a "Preliminary Motion and Affidavit" (ECF No. 15); and (3) a notice of appeal (ECF No. 13).

The Court liberally construes the "Motion Declaring Neglect by the Court" and the "Preliminary Motion and Affidavit" as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, a motion for reconsideration under Local Civil Rule 6.3, a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants

takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him[.]" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motions.

## DISCUSSION

### A. The District Court's Jurisdiction

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982). A district court may, however, deny a postjudgment motion while an appeal is pending. *See Selletti v. Carey*, 173 F.3d 104, 109 (2d Cir. 1999) ("The district court properly assumed that it had jurisdiction to *deny* the motion [brought under Rule 59(a) and Rule 60(b)] during the pendency of an appeal."); *Toliver v. Cnty of Sullivan*, 957 F.2d 47, 4 (2d Cir. 1992) (same, discussion in the context of a Rule 60(b) motion). The Court therefore has jurisdiction to resolve Plaintiff's motion.

### B. Motion to Alter or Amend the Judgment under Rule 59(e)

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for

reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

A motion filed under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

Plaintiff failed to file his Rule 59(e) motion within 28 days of the entry of judgment. The Court therefore denies Plaintiff's motion under Rule 59(e).

**C. Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Rule 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Plaintiff failed to file this motion under Local Rule 6.3 within 14 days of the entry of judgment. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**D. Motion for Reconsideration under Rule 60(b)**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

> discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. In short, the Court dismissed the complaint as frivolous, and nothing in Plaintiff's motion suggests the order of dismissal should be vacated. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for relief under Rule 59(e), Local Rule 6.3, and Rule 60 is denied. The Clerk of Court is directed to terminate the motions pending at ECF Nos. 14-15.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 28, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge